# IN THE UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| PAMELA K. DENCZAK HENDERHAN ) <br> c/o David Glenn Phillips, Esq. ) <br> 4403 St. Clair Avenue. ) <br> Cleveland, Ohio 44103[1], ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> JACKSON TOWNSHIP, OHIO ) <br> 5735 Wales Avenue, N.W. ) <br> Massillon, Ohio 44646, ) <br> ) <br> Defendant. ) | CASE NO.  5:17-cv-429 <br><br> JUDGE <br><br><br><br> **COMPLAINT** <br><br> **Jury Demand Endorsed** |

Plaintiff Pamela K. Denczak Henderhan, by and through her undersigned counsel, for her Complaint against Defendant Jackson Township, Ohio, states as follows:

1. This action arises pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-*et seq.* and Chapter 4112 of the Ohio Revised Code.

2. This Court's jurisdiction arises under 28 U.S.C. § 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to consider claims arising under state law, pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because the claims alleged arise in Stark County, Ohio, located in the Northern District of Ohio, Eastern Division.

---

[1] Because Ms. Henderhan was a law enforcement officer, her residential address is not being made public. Her counsel, David Glenn Phillips, Esq., will accept service on her behalf for this case.

## PARTIES

4.  Plaintiff Pamela K. Denczak Henderhan ("Henderhan") is a female residing in Stark County, Ohio.  Henderhan is a United States Citizen.

5.  At all times relevant, Henderhan was employed in the Jackson Township Police Department ("JTPD"), which is located in Stark County, Ohio. At all times relevant, Henderhan was an employee, as defined by Title VII and R.C. Chapter 4112.

6.  Defendant Jackson Township, Ohio, is a political subdivision located in Stark County, Ohio.

7.  Jackson Township is an employer as defined by Title VII and R.C. Chapter 4112. Jackson Township acts through its elected Trustees and appointed Administrator.

## ADMINISTRATIVE PROCEDURE

8.  Prior to filing this action, Henderhan filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging the claims set forth in her Complaint, including claims arising under Title VII.

9.  On December 12, 2016, Henderhan received a Notice of Right to Sue from the United States Department of Justice, dated December 6, 2016, permitting her to file suit within 90 days.

10.  Henderhan has filed suit timely and has otherwise met all conditions precedent to filing this Complaint.

## FACTUAL ALLEGATIONS

11.  Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

12.  Henderhan began working for the JTPD in 1983, and became a sworn full-time

officer in 1986.

13. In 2006, Henderhan filed suit against Jackson Township and other defendants, alleging gender discrimination, harassment, and retaliation (Case No. 2006CV01606, Court of Common Pleas Stark County, Ohio).

14. After August 2007, when a jury found in Henderhan's favor, Henderhan was further targeted by Defendant for having brought and prevailed in that lawsuit.

15. On or about November 28, 2012, Henderhan and a female officer complained to Trustee James N. Walters that Police Chief David Zink had engaged in unlawful sexual harassment and sexual assault against the female police officer.

16. On or about November 29, 2012, the female officer reported Chief Zink's misconduct to Township Administrator, Marilyn Lyon. Lyon asked the female officer whether Henderhan had "encouraged" or "pushed" her to come forward with the report of sexual discrimination and assault.

17. On or around December 5, 2012, Henderhan participated as a witness in an official investigation conducted by outside investigator, attorney John Hill, regarding the female officer's complaint of sexual discrimination, harassment, and assault.

18. On or around December 12, 2012, Attorney Hill concluded, in a report to the Jackson Township Trustees, that Chief Zink created a hostile work environment and violated the Jackson Township sexual harassment policy vis-à-vis the female officer's November 2012 complaint to Lyon and Jackson Township.

19. On or around December 18, 2012, Chief Zink was suspended in connection with his conduct towards the female officer.

20. On or about January 3, 2013, in an interview with a local newspaper, Trustee Walters stated that officers who participated in the investigation, such as Henderhan, were "discontented" and "have some sort of an agenda" that they were "pushing."

21. On January 10, 2013, barely one month after her complaints about Chief Zink's conduct, and participating in the investigation related to his sexual harassment of the female officer, Henderhan was demoted from the Detective Bureau to a Patrol Officer position, effective January 21, 2013.

22. On or about February 22, 2013, Jackson Township issued retaliatory policies and directives to the employees of the JTPD, that stated that employees' personal agendas to the detriment of the Township will not be tolerated.

23. On or around March 1, 2013, Township Administrator Marilyn Lyon informed Henderhan that Jackson Township was "investigating" her based upon a complaint by a male Lieutenant that Henderhan failed to timely report allegations that the Lieutenant touched a female officer's breast. This "investigation" lasted until late January 2014, and humiliated Henderhan.

24. On or around March 3, 2013, the JTPD posted a vacancy for the position of Major.

25. On or around April 10, 2013, Henderhan filed a charge of discrimination with the EEOC (Charge No. 532-2013-00755), which alleged discrimination and retaliation claims arising from her demotion after participating as a witness in an official sexual harassment investigation.

26. Henderhan was qualified for the position of Major and applied for it, but she was passed over in favor of a less qualified, external male candidate, who was hired on or around April 12, 2013.

27. Jackson Township did not even offer Henderhan an interview for the major position,

even though (former) Chief Zink had previously told Henderhan that Trustee Pizzino wanted her to be in charge of JTPD's detective bureau.

28. On or around November 19, 2013, Henderhan filed a second charge with the EEOC (Charge No. 532-2013-02534), which alleged discrimination and retaliation arising from Jackson Township's refusing to hire her for the position of Major.

29. After Henderhan engaged in protected activity by filing two EEOC charges Jackson Township subjected her to further acts of discrimination, harassment, and retaliation.

30. Through 2013 and into 2014, Henderhan experienced continued hostility in the workplace based on discrimination, harassment, and retaliation, in addition to the embarrassment and humiliation caused by Jackson Township's unlawfully demoting her in January 2013. As a result of Jackson Township's continuing unlawful actions towards her, Henderhan believed she had no future at the JTPD and started reviewing her retirement options in mid-2014.

31. On or around December 1, 2014, Henderhan exercised an option to take early retirement. But for Jackson Township's unlawful conduct, Henderhan would have continued to work at the JTPD and would not have retired early in December 2014. As a result, Henderhan's retirement amounted to a constructive discharge from her position with the JTPD.

32. On or around December 17, 2015, the EEOC issued a determination finding reasonable cause that discrimination and retaliation occurred, stating that the working environment at the JTPD was "not free from unlawful sexual harassment," and that, "when [Henderhan] engaged in protected activity, she was retaliated against by being subjected to a hostile environment in violation of Title VII."

**FIRST CAUSE OF ACTION**

**(Gender Discrimination in Violation of Title VII and R.C. Chapter 4112)**

33. Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

34. Henderhan is a female, and is thus a member of a protected class.

35. At all relevant times, Henderhan was qualified for the various positions she held in the JTPD, including the Major position for which she applied in March 2013.

36. By hiring a less qualified male for the position of Major, Jackson Township unlawfully discriminated against Henderhan because of her gender, and fostered a hostile work environment, in violation of Title VII and R.C. 4112.02(A).

37. As a direct and proximate result of Jackson Township's unlawful discriminatory misconduct, as described above, Henderhan suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits, including additional retirement benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Henderhan's damages will continue to accrue indefinitely into the future.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of Title VII and R.C. Chapter 4112)**

38. Plaintiff incorporates by reference each of the preceding paragraphs, as if fully restated herein.

39. Henderhan engaged in protected activity in November 2012 when she participated as a witness in an official harassment investigation concerning the other female officer, and when

she filed EEOC charges on her own behalf.

40. Jackson Township unlawfully retaliated against Henderhan by demoting her shortly after she participated in the investigation against Chief Zink, and by failing to promote or appoint her to the open Major position.

41. Jackson Township further unlawfully retaliated against Henderhan by creating and permitting a hostile work environment at the JTPD, leading up to Henderhan's constructive discharge by way of early retirement in late 2014.

42. As a direct and proximate result of Defendant's unlawful retaliatory misconduct, as described above, Henderhan suffered physical and/or emotional distress, pain, upset, humiliation, and economic loss, including lost salary, wages, and benefits; and she has been otherwise injured, the extent of which will be more fully revealed at the trial of this matter. Some or all of Henderhan's damages will continue to accrue indefinitely into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

A. Declare the actions of Defendant to be in violation of Title VII of the Civil Rights Act and to be in violation of the Ohio Revised Code Chapter 4112;

B. Issue a permanent injunction against the unlawful employment practices committed by Defendant, prohibiting it from violating or abridging Plaintiff's or other rights;

C. Make Plaintiff whole, including back pay, restoration of all benefits lost, including pension accruals, and other losses in an amount to be proven at trial;

D. Reinstate Plaintiff to the position she would currently hold, but for Defendant's unlawful conduct;

E.  Award Plaintiff compensatory damages for the injuries proximately caused by Defendant's conduct, in an amount to be proven at trial;

F.  Award Plaintiff front pay, including benefits, in an amount to be determined at the time of trial in lieu of reinstatement;

G.  Award Plaintiff pre-judgment and post-judgment interest on all monetary awards;

H.  Award Plaintiff the costs of this action, including reasonable attorney fees pursuant to 42 U.S.C. §2000e-5(k); and,

I.  Award such other and further relief as is necessary and proper.

Respectfully submitted,

s/ David Glenn Phillips
DAVID GLENN PHILLIPS (0046827)
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 531-0123
fax: (216) 881-3928
Email: d.g.phillips@sbcglobal.net (for service)
        civilrightslaw@sbcglobal.net

s/ Bruce B. Elfvin
BRUCE B. ELFVIN (0015694)
CHRISTINA M. ROYER (0073695)
STUART TORCH (0079667)
Elfvin, Klingshirn, Royer & Torch, LLC
4700 Rockside Rd., Suite 530
Independence, Ohio 44131
Tel:    (216) 382-2500
Fax:    (216) 381-0250
Email: bruce@ekrtlaw.com
        chris@ekrtlaw.com
        stuart@ekrtlaw.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury in this case on all claims made herein that may be so tried.

                                                s/ Bruce B. Elfvin
                                                One of the attorneys for Plaintiff